UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

Lazaro G. Fiallo,
and other
Similarly situated individuals

 Plaintiff (s).
v.

Gate Gourmet, Inc.

 Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

Comes now the Plaintiff Lazaro G. Fiallo and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Gate Gourmet, Inc., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (for jurisdictional placement). Plaintiff Lazaro G. Fiallo is a resident of Hillsborough County, Florida, within the Honorable Court's jurisdiction and is otherwise sui-juris. Plaintiff is a covered employee for purposes of the Act.

2. Corporate Defendant Gate Gourmet, Inc (hereinafter Gate Gourmet, or Defendant) is a Foreign Profit Corporation authorized to perform business in Florida.

Defendant has a place of business in West Palm Beach County, Florida. Defendant was and is engaged in interstate commerce.

3. Defendant Gate Gourmet is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Palm Beach County, Florida, within this Court's jurisdiction.

General Allegations

5. Plaintiff Lazaro G. Fiallo brings this cause of action as a collective action to recover from the Defendant retaliatory damages liquidated damages, costs, and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 2023, (the "material time") without being adequately compensated.

6. Defendant Gate Gourmet is a provider of airline catering solutions and provisioning services for airlines and airport lounges.

7. Defendant Gate Gourmet was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant employed more than two employees engaged in interstate commerce within the meaning of the Fair Labor Standards Act. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and other employees similarly situated were employed by a company engaged in interstate commerce. In addition, Plaintiff regularly and recurrently participated in interstate commerce within the meaning of the Fair Labor Standards Act, by handling and working on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

9. For the reasons stated above, Defendant Gate Gourmet must comply with the requirements of the FLSA.

10. Defendant Gate Gourmet employed Plaintiff Lazaro G. Fiallo as a non-exempted, full-time employee from on or about November 13, 2021, to May 13, or 78 weeks.

11. Plaintiff Lazaro G. Fiallo had duties as a delivery driver delivering catering and supplies for airlines at the airport.

12. Plaintiff had a wage rate of $19.38 an hour. Plaintiff's overtime rate was $29.07 an hour.

13. During his employment with Defendant, Plaintiff worked five days per week, a total of 40 or more hours. Plaintiff was paid for all his working hours and overtime hours.

14. However, during his employment with Defendant, Plaintiff suffered illegal deductions, Plaintiff complained about this illegal practice, and as a consequence, Plaintiff suffered an adverse employment action and was fired.

15. On or about December 30, 2022, supervisor Taimi Alfonso improperly requested Plaintiff the payment of $100.00 weekly to allow him to work more overtime hours.

16. From his wages, Plaintiff made approximately six disbursements of $100.00 each

and one of $120.00

17. On or about February 2023, Plaintiff complained to supervisor Taimi Alfonso about these illegal deductions. Plaintiff refused to pay in exchange for working more overtime hours.

18. These deductions were not made in compliance with the requirements of any Federal, State, or local law. The deductions were not allowed by law. They did not serve the convenience or interest of Plaintiff.

19. Plaintiff did not voluntarily consent to these deductions. Those disbursements were made as a condition either for obtaining more overtime hours or the continuance of employment.

20. Therefore, Defendant willfully failed to pay Plaintiff his wages "free and clear". Defendant did not meet the requirements of the Act, because it failed to pay Plaintiff unconditionally without direct or indirect kicks-back, in violation of the Fair Labor Standards Act, 29 USC §206, et seq. and 29 CFR §531.35.

21. After Plaintiff complained about the illegal disbursement, Defendant did not allow Plaintiff to work overtime hours anymore.

22. After Plaintiff complained about illegal deductions, Manager Steve (LNU) began retaliatory harassment against Plaintiff. The manager Steve (LNU) subjected Plaintiff to intense job scrutiny and surveillance looking for a reason to reprimand Plaintiff causing him trouble. The manager criticized everything that Plaintiff did trying to find a way to fire him.

23. On or about May 13, 2023, manager Steve (LNU) gave Plaintiff an unfair warning. Plaintiff refused to sign the warning and Manager Steve (LNU) fired Plaintiff

immediately.

24. Plaintiff Lazaro G. Fiallo seeks to recover retaliatory damages, liquidated damages, and any other relief allowable by law. In addition, Plaintiff claims the reimbursement of any illegal deduction.

## Collective Action Allegations

25. Plaintiff Lazaro G. Fiallo brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation "Free and Clear". Plaintiff claims that Defendant made illegal deductions.

27. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant, suffered illegal deductions, and were not paid regular and/or overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty "Free and Clear".

## COUNT I:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANT

28. Plaintiff Lazaro G. Fiallo re-adopts every factual allegation stated in paragraphs 1-34 of this Complaint as if set out in full herein.

29. Defendant Gate Gourmet was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B).

30. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

31. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

32. 29 CFR §531.35 states "Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash…."

33. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

34. Defendant Gate Gourmet employed Plaintiff Lazaro G. Fiallo as a non-exempted, full-time employee from on or about November 13, 2021, to May 13, or 78 weeks.

35. Plaintiff Lazaro G. Fiallo had duties as a delivery driver delivering catering and supplies for airlines at the airport.

36. Plaintiff had a wage rate of $19.38 an hour. Plaintiff's overtime rate was $29.07 an hour.

37. During his employment with Defendant, Plaintiff worked five days per week, a total

of 40 or more hours. Plaintiff was paid for all his working hours and overtime hours.

38. However, during his employment with Defendant, Plaintiff suffered illegal deductions, Plaintiff complained about this illegal practice, and as a consequence, Plaintiff suffered an adverse employment action and was fired.

39. On or about December 30, 2022, supervisor Taimi Alfonso improperly requested Plaintiff the payment of $100.00 weekly to allow him to work more overtime hours.

40. From his wages, Plaintiff made approximately six disbursements of $100.00 each and one of $120.00

41. On or about February 2023, Plaintiff complained to supervisor Taimi Alfonso about these illegal deductions. Plaintiff refused to pay in exchange for working more overtime hours.

42. These deductions were not made in compliance with the requirements of any Federal, State, or local law. The deductions were not allowed by law. They did not serve the convenience or interest of Plaintiff.

43. Plaintiff did not voluntarily consent to these deductions. Those disbursements were made as a condition either for obtaining more overtime hours or the continuance of employment.

44. Therefore, Defendant willfully failed to pay Plaintiff his wages "free and clear". Defendant did not meet the requirements of the Act, because it failed to pay Plaintiff unconditionally without direct or indirect kicks-back, in violation of the Fair Labor Standards Act, 29 USC §206, et seq. and 29 CFR §531.35.

45. After Plaintiff complained about the illegal disbursement, Defendant did not allow

Plaintiff to work overtime hours anymore.

46. This complaint constituted protected activity under 29 U.S.C. 215(a)(3)

47. However, as a consequence of Plaintiff's complaint about illegal deductions, Manager Steve (LNU) began retaliatory harassment against Plaintiff. The manager Steve (LNU) subjected Plaintiff to intense job scrutiny and surveillance looking for a reason to reprimand Plaintiff causing him trouble. The manager criticized everything that Plaintiff trying to find a way to fire Plaintiff.

48. On or about May 13, 2023, manager Steve (LNU) gave Plaintiff an unfair warning. Plaintiff refused to sign the warning and Manager Steve (LNU) fired Plaintiff.

49. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful retaliatory employment action to discharge Plaintiff.

50. The termination of Plaintiff Lazaro G. Fiallo by Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because he complained about the illegal deductions, in violation of Federal Law.

51. Defendant Gate Gourmet willfully and maliciously retaliated against Plaintiff Lazaro G. Fiallo by engaging in a retaliatory action materially adverse to a reasonable employee and with the purpose of dissuading Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

52. Defendant's discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

53. Plaintiff Lazaro G. Fiallo has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff Lazaro G. Fiallo respectfully requests that this Honorable Court:

A. Enter judgment declaring that the discharge of Plaintiff Lazaro G. Fiallo by Defendant Gate Gourmet, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendant Gate Gourmet, awarding Plaintiff Lazaro G. Fiallo liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

## Demand for a Jury Trial

Plaintiff Lazaro G. Fiallo demands a trial by a jury of all issues triable as of right by a jury.

Date: May 31, 2023,

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500

Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*